R. C. English and E. C. English, Co-partners Doing Business as English Brothers

*v.*

State of Illinois.

*Opinion filed December 22, 1916.*

Mistake of Facts—*contractor making mistake in estimate.* Where a contractor in making an estimate upon work to be performed by him honestly makes a mistake in such estimate, he may have his contract rescinded.

Henry L. Jones, for Claimant.

P. J. Lucey, Attorney General, for State.

Claimants who are contractors at Champaign, Illinois, are asking for an award in the sum of $4,500.00 on account of their having forfeited to the State said amount when they refused to comply with a bid submitted by them for the erection of an auditorium for the Southern State Normal University at Carbondale, Illinois.

It appears from the records before the Court that a clerical mistake was made by claimant in preparing their estimates in connection with the structural and ornamental iron used in the erection of the proposed building.

At the time claimants were preparing their estimates for the erection of the auditorium at Carbondale, they were also engaged in preparing estimates for the erection of a State building at Normal, Illinois. The Gage Structural Steel Co., of Chicago, Illinois, furnished claimants proposals for the structural steel in connection with the building to be erected at Normal, Illinois, but did not furnish them proposals for the steel to be used in the building at Carbondale.

By Mistake, claimants used the proposal furnished them for the Normal building, believed it to be the proposal for the erection of the Carbondale building and this mistake caused their estimates to be from $12,000 to $14,000 less than they should have been.

When the bids were opened it was found that claimants were considerably lower than the other bidders and accordingly the contract was awarded to them. Claimants on finding their mistake above referred to, notified the State Architect and the Board of Trustees of the Southern Illinois State Normal University that they would be unable to go ahead with the work on account of the mistake in their bid and asked that their certified check for $4,500 be returned.

At the request of the State Architect a meeting was held at Carbondale, Illinois, at which claimants, the State Architect and the Board

of Trustees were present and this matter was gone over in detail. At that time the State Architect examined all of claimants' data with reference to the estimates on the building in question, and advised the board that he was satisfied that claimants made a mistake as contended and he further advised the board that he believed claimants' check should be returned. However, the board believing that it would be an injustice to the other bidders to return claimants' check, refused to do so, and cashed the same.

The State contends that claimants are not entitled to a refund of the amount of their certified check for the reason that it might open the door to fraud and that the State would be the victim of scheming contractors.

In the determination of any particular case, the Court can only be governed by the records before it in that case, and from a careful examination of all the testimony and exhibits filed with us, we are clearly of the opinion that the mistake in question was honestly made by claimants in the preparation of their estimates, and it is of such a nature as would entitle claimants to rescind their contract with the State.

In the case of *W. M. Allen, Son & Co.* v. *State of Illinois,* 2 Ct. of Cl. R. 404, a case similar to the one before us, this Court held as follows. "* * * and for the further reason that we are convinced that claimants did not try to rescind their contract for any other reason than the mistakes made by them in the preparation of their several estimates, we believe it would be unjust and inequitable to compel them to suffer a loss as would be occasioned by the forfeiture of their two checks amounting to $5,900."

As there is nothing in this case to warrant us in believing that claimants did not make the mistake as contended and that their refusal to proceed with the contract was based on said mistake, we are of the opinion that they are entitled to have the amount of their certified check returned, and we therefore make an award in their favor in the sum of $4,500.00.